# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Diane Wacker, | Civil No. 18-CV-2286 DSD/DTS |
| Plaintiff, | |
| v. | **ANSWER** |
| Unum Life Insurance Company of America, | |
| Defendant. | |

Defendant Unum Life Insurance Company of America ("Unum") for its Answer to Plaintiff's Complaint, states and alleges as follows: except as hereinafter admitted, qualified or otherwise answered, Unum denies each and every matter, thing and allegation in Plaintiff's Complaint.

1. Paragraph 1 of Plaintiff's Complaint contains her characterization of this action to which no response is required. Unum admits that Plaintiff's claims, if any, arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). To the extent paragraph 1 of Plaintiff's Complaint contains allegations of fact, they are denied.

2. Unum is without information sufficient to form a belief as to the allegations in paragraph 2 of Plaintiff's Complaint.

3. With respect to paragraph 3 of Plaintiff's Complaint, Unum admits that it issued group long-term disability policy no. 553880 (the "Policy") to Costco Wholesale

1682905.1

Corporation ("Costco") for the benefit of its eligible employees. Unum denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint contains Plaintiff's allegations concerning jurisdiction, to which no response is required. To the extent paragraph 4 of Plaintiff's Complaint contains allegations of fact, Unum admits that this Court has jurisdiction over this matter.

5. With respect to paragraph 5 of Plaintiff's Complaint, Unum denies that it "is liable for benefits under the Policy." Unum admits the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. Unum is without information sufficient to form a belief as to the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Unum is without information sufficient to form a belief as to the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. With respect to paragraph 8 of Plaintiff's Complaint, Unum admits that it issued the Policy to Costco for the benefit of its eligible employees. Unum denies the remaining allegations in paragraph 8 of Plaintiff's Complaint. Unum affirmatively alleges that the Policy speaks for itself.

9. With respect to paragraph 9 of Plaintiff's Complaint, Unum admits that Plaintiff ceased working. Unum denies the remaining allegations in paragraph 9 of Plaintiff's Complaint. Unum affirmatively alleges that Plaintiff's diagnosis, care and treatment and medically supported restrictions and limitations are set forth in the medical records of his treating and consulting physicians, which speak for themselves.

1682905.1

10. Unum admits that it provided long term disability benefits to Plaintiff following the elimination period provided for in the Policy. Unum denies the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11. With respect to paragraph 11 of Plaintiff's Complaint, Unum admits that it discontinued payment of disability benefits to Plaintiff on July 29, 2016. Unum denies the remaining allegations in paragraph 11 of Plaintiff's Complaint. Unum affirmatively alleges that the basis for its benefits decision is set forth in its July 29, 2016 correspondence to Plaintiff, which speaks for itself.

12. With respect to paragraph 12 of Plaintiff's Complaint, Unum admits that Plaintiff appealed its benefits decisions. Unum denies the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13. With respect to paragraph 13 of Plaintiff's Complaint, Unum admits that it reversed its July 6, 2011 decision to discontinue payment of benefits. Unum denies the remaining allegation in paragraph 13 of Plaintiff's Complaint. Unum affirmatively alleges that its March 20, 2012 correspondence to Plaintiff speaks for itself.

14. Unum denies the allegations in paragraph 14 of Plaintiff's Complaint. Unum affirmatively alleges that the September 17, 2014 statement speaks for itself.

15. With respect to paragraph 15 of Plaintiff's Complaint, Unum admits that it made a lump sum buyout offer to Plaintiff. Unum denies the remaining allegations in paragraph 15 of Plaintiff's Complaint. Unum affirmatively alleges that its correspondence to Plaintiff speaks for itself.

1682905.1

16. With respect to paragraph 16 of Plaintiff's Complaint, Unum admits that Plaintiff declined the sum buyout offer. Unum denies the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17. With respect to paragraph 17 of Plaintiff's Complaint, Unum admits that it discontinued payment of benefits. Unum denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18. With respect to paragraph 18 of Plaintiff's Complaint, Unum admits that Plaintiff appealed Unum's benefits decision. Unum denies the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19. With respect to paragraph 19 of Plaintiff's Complaint, Unum admits that it informed Plaintiff by correspondence dated July 19, 2018 that it was affirming its original benefit decisions. Unum denies the remaining allegations in paragraph 19 of Plaintiff's Complaint. Unum affirmatively alleges that its July 19, 2018 correspondence to Plaintiff's counsel speaks for itself.

20. With respect to paragraph 20 of Plaintiff's Complaint, Unum admits that Plaintiff exhausted her administrative remedies under the Policy and ERISA.

21. With respect to paragraph 21 of Plaintiff's Complaint, Unum realleges and incorporates by reference each and every response to the allegations in paragraphs 1-20 of Plaintiff's Complaint.

22. Unum denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Unum denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Unum denies the allegations in paragraph 24 of Plaintiff's Complaint.

1682905.1

## AFFIRMATIVE DEFENSES

1.  Plaintiff's causes of action against Defendant, if any, arise out of ERISA. To the extent Plaintiff seeks remedies or makes claims not provided for under ERISA, those remedies and claims are preempted by ERISA.

2.  Plaintiff has failed to satisfy all conditions precedent to entitlement to additional benefits under the Policy.

3.  Unum's decision to deny Plaintiff's claim for long term disability benefits was correct and was supported by substantial evidence.

4.  Plaintiff's claims are barred because Unum's actions were not arbitrary, capricious or unreasonable.

5.  Unum discharged its duties in the interest of plan participants and, in doing so, acted in accordance with the documents and the instruments governing the plan, the Policy, and any obligations that Unum may have under ERISA and the regulations promulgated thereunder.

6.  Plaintiff's entitlement to benefits, if any, is subject to offset or benefit reduction provisions in the Policy.

WHEREFORE, Unum Life Insurance Company of America seeks the following relief:

1.  Dismissal of Plaintiff's Complaint with prejudice.

2.  For its costs, disbursements and reasonable attorneys' fees incurred herein.

3.  For such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: October 2, 2018 | s/Terrance J. Wagener |
| | Terrance J. Wagener |
| | Christopher J. Haugen |
| | **MESSERLI & KRAMER P.A**. |
| | 100 South Fifth Street, Suite 1400 |
| | Minneapolis, MN 55402 |
| | Telephone: 612-672-3600 |
| | twagener@messerlikramer.com |
| | chaugen@messerlikramer.com |
| | |
| | **ATTORNEYS FOR DEFENDANT** |